UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Cheryl Sartwell,

Plaintiff,

vs.

Anoka Medical Regional Treatment Center,

Defendant.

Civil File No. 01-CV-1213 ADM/AJB

**CONFIDENTIALITY ORDER AND TO ALLOW DISCLOSURE**

The above-entitled matter came on for consideration before this Court on the 31st day of August, 2001, upon a Stipulation by the parties in this action. The parties, through their respective counsel, seek a Confidentiality Order, pursuant to their Stipulation, allowing for the use, in the litigation of this lawsuit, of various documents, records, and other materials now protected by the Minnesota Government Data Practices Act and other applicable law. The parties, through their respective counsel, also seek a Confidentiality Order to enable State Defendant to comply with discovery requirements and discovery requests by Plaintiff, under the terms and conditions stipulated and agreed to in their Stipulation and set forth in this Order, at paragraph 2 below.

In this instance, Plaintiff Cheryl Sartwell is represented by Kelly A. Jeanetta, Esq., Miller-O'Brien, 1208 Plymouth Building, 12 South Sixth Street, Minneapolis, Minnesota 55402. State Defendant is represented by Marsha Eldot Devine, Assistant Attorney General, 1100 NCL Tower, 445 Minnesota Street, St. Paul, Minnesota 55101.

This Court finds that the parties' request for a Confidentiality Order in accordance with their Stipulation is reasonable under the circumstances. This Court also finds that the parties'

SEP 04 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

agreements, as set forth in their Stipulation, satisfy the Court's concern that there be continued protection of protected data. Therefore,

IT IS HEREBY ORDERED THAT:

1. Discovery of private and confidential personnel data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the Minnesota Government Data Practices Act ("Act") or other applicable law, which may be sought by Plaintiff as a result of discovery, will be discoverable under the terms and conditions set forth in paragraph 2 below. Herein such information shall be called "confidential information."

2. Discovery of confidential information will be subject to the following conditions:

a. Plaintiff's counsel, support staff, and experts will be the only persons to review the documents containing the confidential information; they may share the confidential information with Plaintiff only to the extent necessary to prosecute this litigation; they shall not share with Plaintiff the social security numbers of State Defendant's employees,[1] their spouses, or their children; they shall not share with Plaintiff the residential address and telephone numbers for any State Defendant's employees, their spouses or their children; nor shall they share the names of any such State Defendant's employees' spouses or children with Plaintiff.

b. The confidential information will be used solely in connection with the above-entitled litigation. Except as provided by the terms of this

[1] State Defendant's employees are defined to include current and former employees.

Confidentiality Order, confidential information will be kept confidential by Plaintiff, Plaintiff's counsel, Plaintiff's counsel's support staff, and those persons identified in paragraph 2(c), who receive confidential information.

c. The confidential information will not be disclosed by Plaintiff's counsel or by support staff during the course of trial preparation, except to the Plaintiff, pursuant to the terms set out in paragraph 2(a) above, such employees of Plaintiff's counsel who assist in the above-entitled litigation, all of whom agree to be bound by the terms of the protective order, and to the following qualified individuals who, prior to disclosure, sign an affidavit agreeing to be bound by the terms of the Confidentiality Order:

   i. Independent experts or consultants working with counsel for Plaintiff; and

   ii. Other persons, including deponents, whose assistance is required by counsel in conducting this litigation; and

d. If the individuals identified in paragraph c.i. and c.ii. refuse to execute an affidavit indicating their willingness to be bound by this Confidentiality Order, then Plaintiff, Plaintiff's counsel and counsel's support staff agree not to disclose any confidential documents protected by this Confidentiality Order (and the corresponding Stipulation) until or unless such an affidavit is obtained.

e. The provisions contained in paragraph c.i. and c.ii. do not preclude State Defendant's counsel from objecting to the use of and/or admissibility of

any confidential information disclosed to "other persons, including deponents," set forth in Paragraph c.ii. of this Order (and in the corresponding Stipulation) and from requiring that the Plaintiff and his counsel obtain an *in camera* review of such documents prior to their use and/or admission as evidence in this matter; and

f. Confidential information submitted to the Court before trial in this matter will be kept private and under seal; and

g. Plaintiff is required to return any and all copies of documents containing confidential information to counsel for defendant within ninety (90) days of the close of this litigation; and

h. To the extent that Plaintiff's counsel and staff create and/or draft documents containing confidential information, the Plaintiff, Plaintiff's counsel, and Plaintiff's support staff shall destroy such documents within ninety (90) days of the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information will be erased or destroyed. Plaintiff and Plaintiff's attorney will provide State Defendant's counsel with an affidavit stating that the destruction of the documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred.

3. State Defendant shall produce for inspection any discoverable documents containing the confidential information requested by Plaintiff at either the Office of the Attorney General or at State Defendants' designated office at a reasonable time(s) mutually agreed to by

the parties and arranged in advance of said inspection, or by other means determined by State Defendant's counsel.

4. Nothing in this Confidentiality Order shall be construed as limiting the use of confidential information at a trial concerning this matter, or in any motion hearing or motion papers, and the use of confidential information shall be determined by the Court after the data is first submitted under seal for review by the Court.

5. If the Plaintiff believes that data disclosed pursuant to this Confidentiality Order should not be characterized as confidential information, then she may request by motion to this Court that the data be declared not confidential.

6. Should modification(s) of this Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the Court for consideration of their proposed change(s).

7. The Clerk of Court shall mail a copy of this Order to counsel for the parties in this matter.

BY THE COURT:

Dated: August 31, 2001.

ANN D. MONTGOMERY
Judge of District Court

AG: 505402,v. 01

RECEIVED
BY MAIL
AUG 29 2001
CLERK US DIST COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Cheryl Sartwell,

Plaintiff,

vs.

Anoka Medical Regional Treatment Center,

Defendant.

Civil File No. 01-CV-1213 ADM/AJB

**STIPULATION FOR A CONFIDENTIALITY ORDER AND TO ALLOW DISCLOSURE**

WHEREAS, Plaintiff CHERYL SARTWELL ("Sartwell" or "Plaintiff"), through her counsel, intends to seek discovery of private and confidential data, including but not limited to possible personal data, on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the Minnesota Data Practices Act or other applicable law; and

WHEREAS such private and confidential data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the Minnesota Data Practices Act or other applicable law, may be necessary to fully litigate this matter, including but not limited to its use by the parties at trial or at any motion hearing or in any motion papers, or independent experts or consultants for the parties; and

WHEREAS, Defendant Anoka Medical [sic][1] Regional Treatment Center ("State Defendant"), has agreed not to use the above-referenced statutory and other classifications as a basis for not producing relevant documents, records, and other materials now protected from such disclosure;

---

[1] The correct name of the facility is the Anoka Metro Regional Treatment Center.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, that it is necessary to obtain a confidentiality order and to allow disclosure from the Court, which includes the terms and conditions set forth herein:

1. Discovery of private and confidential personnel data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the Minnesota Government Data Practices Act ("Act") or other applicable law, which may be sought by Plaintiff as a result of discovery requirements will be discoverable under the terms and conditions set forth in paragraph 2 below. Herein such information shall be called "confidential information."

2. Discovery of confidential information will be subject to the following conditions:

a. Plaintiff's counsel, support staff, and experts will be the only persons to review the documents containing the confidential information; they may share the confidential information with Plaintiff only to the extent necessary to prosecute this litigation; they shall not share with Plaintiff the social security numbers of State Defendant's employees,[2] their spouses, or their children; they shall not share with Plaintiff the residential addresses and telephone numbers for any State Defendant's employees, their spouses or their children; nor shall they share the names of any such State Defendant's employees' spouses or children with Plaintiff.

b. The confidential information will be used solely in connection with the above-entitled litigation. Except as provided by the terms of the Confidentiality Order, confidential information will be kept confidential by Plaintiff, Plaintiff's counsel, Plaintiff's counsel's support staff, and

[2] State Defendant's employees are defined to include current and former employees.

those persons identified in paragraph 2(c), who receive confidential information.

c. The confidential information will not be disclosed by Plaintiff's counsel or by support staff during the course of trial preparation, except to the Plaintiff, pursuant to the terms set out in paragraph 2(a) above; such employees of Plaintiff's counsel who assist in the above-entitled litigation, all of whom agree to be bound by the terms of the protective order; and to the following qualified individuals who, prior to disclosure, sign an affidavit agreeing to be bound by the terms of the Confidentiality Order:

   i. Independent experts or consultants working with counsel for Plaintiff; and

   ii. Other persons, including deponents whose assistance is required by counsel in conducting this litigation; and

d. If the individuals identified in paragraph c.i. and c.ii refuse to execute an affidavit indicating their willingness to be bound by the Confidentiality Order, then Plaintiff, Plaintiff's counsel and counsel's support staff agree not to disclose any confidential documents protected by this Stipulation (and the corresponding Confidentiality Order) until or unless such an affidavit is obtained.

e. The provisions contained in paragraph c.i. and c.ii. does not preclude State Defendant's counsel from objecting to the use of and/or admissibility of any confidential information disclosed to "other persons, including deponents," set forth in Paragraph c.ii. of the Stipulation (and in the corresponding Confidentiality Order) and from requiring that the Plaintiff and her counsel obtain an *in camera* review of such documents prior to their use and/or admission as evidence in this matter.

f. Confidential information submitted to the Court before trial in this matter will be kept private and under seal; and

g. Plaintiff is required to return any and all copies of documents containing confidential information to counsel for defendant within ninety (90) days of the close of litigation in this matter.

h. To the extent that Plaintiff's counsel and staff create and/or draft documents containing confidential information, the Plaintiff, Plaintiff's counsel, and Plaintiff's support staff shall destroy such documents within 90 days of the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information will be erased or destroyed. Plaintiff and Plaintiff's attorney will provide defendant's counsel with an affidavit stating that the destruction of the documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred.

3. State Defendant shall produce for inspection any discoverable documents containing the confidential information requested by Plaintiff at either the Office of the Attorney General or at State Defendant's designated office(s) at a reasonable time(s) mutually agreed to by the parties and arranged in advance of said inspection, or by other means as determined by Defendant's counsel.

4. Nothing in this Stipulation and the Confidentiality Order shall be construed as limiting the use of confidential information at a trial concerning this matter, or in any motion hearing or motion papers, and the use of confidential information shall be determined by the Court after the data is first submitted under seal for review by the Court.

5. If the Plaintiff believes that data disclosed pursuant to this Stipulation and the Confidentiality Order should not be characterized as confidential information, then she may request by motion to the Court that the data be declared not confidential.

6. Upon execution of the Confidentiality Order, a copy of that Order shall be sent to counsel for the parties herein.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation will not estop State Defendant from making any other defense objections, or exception otherwise available to any discovery or disclosures in this case.

IT IS FURTHER STIPULATED AND AGREED that should modification(s) of the Confidentiality Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the court for consideration of their proposed change(s).

Dated: August 27, 2001.

MILLER-O'BRIEN

KELLY A. JEANETTA
Atty. Reg. No. 277204
1208 Plymouth Building
12 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 333-5831

ATTORNEYS FOR PLAINTIFF

Dated: August 27, 2001.

MIKE HATCH
Attorney General
State of Minnesota

MARSHA ELDOT DEVINE
Assistant Attorney General
Atty. Reg. No. 192922

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(612) 282-5713 (Voice)
(612) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.