UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Cheryl Sartwell,

Plaintiff,

vs.

Anoka Medical Regional Treatment Center,

Defendant.

Civil File No. 01-CV-1213 ADM/AJB

**ORDER AMENDING CONFIDENTIALITY ORDER AND TO ALLOW DISCLOSURE**

The above-entitled matter came on for consideration before this Court on the ____ day of _________, 2002, upon a Stipulation by the parties in this action. The parties, through their respective counsel, seek an Order amending the Confidentiality Order And To Allow Disclosure, filed on September 24, 2001, allowing for the use, in the litigation of this lawsuit of Plaintiff's medical records now protected by the Minnesota Government Data Practices Act and other applicable law. The parties, through their respective counsel, also seek an Order amending the Confidentiality Order to enable Plaintiff Cheryl Sartwell ("Plaintiff") to comply with discovery requirements and discovery requests by Defendant Anoka Metro Regional Treatment Center ("Defendant"), under the terms and conditions stipulated and agreed to in their Stipulation and set forth in this Order, at paragraph 3 below.

In this instance, Plaintiff Cheryl Sartwell is represented by Kelly A. Jeanetta, Esq., Miller-O'Brien, 1208 Plymouth Building, 12 South Sixth Street, Minneapolis, Minnesota 55402. State Defendant is represented by Marsha Eldot Devine, Assistant Attorney General, 1100 NCL Tower, 445 Minnesota Street, St. Paul, Minnesota 55101.

FEB 1 2 2002
FILED ________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

This Court finds that the parties' request for an Order amending the Confidentiality Order, filed on September 14, 2001, in accordance with their Stipulation is reasonable under the circumstances. This Court also finds that the parties' agreements, as set forth in their Stipulation, satisfy the Court's concern that there be continued protection of private and/or confidential data. Therefore,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's medical records, which may be sought by Defendant as a result of discovery, shall be discoverable under the terms and conditions set forth in paragraph 2 below. Herein such information shall be called "Plaintiff's medical records."

2. Plaintiff's medical records shall be considered private and/or confidential, except as waived by Minn. R. Civ. Pro. 35.03 and 35.04 (2001) and/or other applicable law;

3. Discovery of Plaintiff's medical records will be subject to the following conditions:

a. Plaintiff's medical records are private and/or confidential and will be used solely in connection with the above-entitled litigation. Except as provided herein, Plaintiff's medical records, obtained through discovery by Defendant, will be kept confidential by Defendant's counsel and support staff.

b. During the course of this litigation, Defendant's counsel and support staff may disclose the content of Plaintiff's medical records to the following persons, all of whom agree to be bound by the terms of this Order:

i. Defendant to the extent necessary to proceed with this litigation;

ii. Employees of Defendant's counsel who assist in this litigation;

iii. Independent experts or consultants working with counsel for Defendant; and

iv. Other persons, including deponents whose assistance is required by counsel in conducting this litigation, after executing an affidavit agreeing to be bound by this Order.

c. Defendant's counsel, support staff, and independent experts or consultants working for Defendant will be the only persons to review Plaintiff's medical records. Prior to providing Plaintiff's medical records to independent experts or consultants, Defendant's counsel shall obtain an affidavit from the experts or consultants agreeing to be bound by the terms of this Order.

d. If the individuals identified in paragraph 3.b.iv. and 3.c. refuse to execute an affidavit indicating their willingness to be bound by the terms of this Order, then Defendant, Defendant's counsel and the support staff of Defendant's counsel agree not to disclose the content of or actual medical records of Plaintiff, respectively, protected by the Stipulation and this Order, until or unless such an affidavit is obtained.

e. The provisions contained in paragraphs 3.a through c. do not preclude either party from objecting to the use of and/or admissibility of Plaintiff's medical records disclosed to "other persons, including deponents," set forth in Paragraph b.iv. of the Order and from requiring that the parties and their counsel obtain an *in camera* review of Plaintiff's medical records prior to their use and/or admission as evidence in this matter.

f. Plaintiff's medical records that are submitted to the Court before trial in this matter will be kept private and under seal; and

g. Defendant is required to return any and all copies of Plaintiff's medical records that are obtained from Plaintiff through the discovery process to counsel for Plaintiff within ninety (90) days of the close of litigation in this matter.

h. To the extent that Defendant's counsel and staff create and/or draft documents containing Plaintiff's medical records, Defendant and Defendant's counsel, and Defendant's support staff will destroy such documents in accordance with the records retention policy for the Office of the Attorney General and other applicable law. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information will be erased or destroyed in accordance with the records retention policy for the Office of the Attorney General and other applicable law.

4. Plaintiff shall produce for inspection any discoverable medical records, including executed authorizations to obtain Plaintiff's medical records, to the Office of the Attorney General through the normal course of discovery and/or litigation of this matter.

5. Nothing in this Order shall be construed as limiting the use of Plaintiff's medical records at a trial concerning this matter, or in any motion hearing or motion papers, and the use of Plaintiff's medical records shall be determined by the Court after the data is first submitted under seal for review by the Court.

6. If Defendant believes that Plaintiff's medical records, disclosed pursuant to this Order, should not be characterized as private and/or confidential, then it may request by motion to the Court that the data be declared not private and/or confidential.

7. The Confidentiality Order and To Allow Disclosure, filed on September 14, 2001, shall be incorporated herein and referred to by reference;

8. Should modification(s) to this Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the Court for consideration of their proposed change(s).

9. Nothing in this Order shall negate or otherwise alter this Court's Confidentiality Order and To Allow Disclosure, filed on September 14, 2001, and all the terms and conditions in that Confidentiality Order, filed on September 14, 2001, shall remain in full force and effect;

10. This Order does not estop either party from making any objections, or exceptions otherwise available to any discovery or disclosure in this case.

11. The Clerk of Court shall mail a copy of this Order to counsel for the parties in this matter.

BY THE COURT:

Dated: February 11, 2002.

ARTHUR J. BOYLAN
U.S. Magistrate Judge

AG: 535969.v. 01

RECEIVED
BY MAIL
FEB 08 2002
CLERK US DIST COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Cheryl Sartwell,

Plaintiff,

vs.

Anoka Metro Regional Treatment Center,

Defendant.

Civil File No. 01-CV-1213 ADM/AJB

**STIPULATION FOR AN ORDER AMENDING THE CONFIDENTIALITY ORDER AND TO ALLOW DISCLOSURE**

WHEREAS the parties, Plaintiff CHERYL SARTWELL ("Sartwell" or Plaintiff") and Anoka Metro Regional Treatment Center ("AMRTC" or "Defendant"), through their respective counsel, wish to amend the Confidentiality Order and To Allow Disclosure, filed on September 14, 2001, to include the disclosure of Plaintiff's medical records by the Plaintiff and as a result of Plaintiff's executed authorizations, to Defendant in the process of litigation concerning the above-entitled matter; and

WHEREAS Plaintiff's medical records may be classified as private and/or confidential data under the Minnesota Data Practices Act (Minn. Stat. § 13.01 *et seq.*) and/or other applicable law, but may be necessary to fully litigate this matter, including but not limited to their use by the parties at trial or at any motion hearing or in any motion papers, or by independent experts or consultants for the parties; and

WHEREAS, the Court has issued a Order for Confidentiality and To Allow Disclosure, filed on September 14, 2001;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, that it is necessary to amend the Confidentiality Order and To Allow Disclosure, filed on September 14, 2001, to

FILED ___
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ___
DEPUTY CLERK ___

include the following terms with respect Defendant's discovery requests to the Plaintiff for her medical records:

1. Plaintiff's medical records, obtained by Defendant through discovery, shall be considered private and/or confidential, except as waived by Fed. R. Civ. P. 35 (2001) and/or other applicable law;

2. Plaintiff's medical records sought by Defendant as a result of discovery will be discoverable under the terms and conditions set forth in paragraph 3 below. Herein such information shall be called "Plaintiff's medical records."

3. Discovery of Plaintiff's medical records will be subject to the following conditions:

a. Plaintiff's medical records are private and/or confidential and will be used solely in connection with the above-entitled litigation. Except as provided herein and by the court's corresponding Order to amend the Confidentiality Order and To Allow Disclosure, Plaintiff's medical records, obtained through discovery by Defendant, will be kept confidential by Defendant's counsel and support staff.

b. During the course of this litigation, Defendant's counsel and support staff may disclose the content of Plaintiff's medical records to the following persons, all of whom agree to be bound by the terms of the corresponding Order to Amend the Confidentiality Order And To Allow Disclosure:

i. Defendant to the extent necessary to proceed with this litigation;

ii. Employees of Defendant's counsel who assist in this litigation;

iii. Independent experts or consultants working with counsel for Defendant; and

iv. Other persons, including deponents whose assistance is required by counsel in conducting this litigation, after executing an affidavit

agreeing to be bound by the corresponding Order to Amend the Confidentiality Order and To Allow Disclosure.

c. Defendant's counsel, support staff, and independent experts or consultants working for Defendant will be the only persons to review Plaintiff's medical records. Prior to providing Plaintiff's medical records to independent experts or consultants, Defendant's counsel shall obtain an affidavit from the experts or consultants agreeing to be bound by the terms of the Order to amend the Confidentiality Order and To Allow Disclosure.

d. If the individuals identified in paragraph 3.b.iv. and 3.c. refuse to execute an affidavit indicating their willingness to be bound by the terms of the amendments to the Confidentiality Order, then Defendant, Defendant's counsel and the support staff of Defendant's counsel agree not to disclose the content of or actual medical records of Plaintiff, respectively, protected by this Stipulation (and the corresponding amendments to the Confidentiality Order) until or unless such an affidavit is obtained.

e. The provisions contained in paragraphs 3.a through c. do not preclude either party from objecting to the use of and/or admissibility of Plaintiff's medical records disclosed to "other persons, including deponents," set forth in Paragraph b.iv. of this Stipulation (and the corresponding Order Amending the Confidentiality Order) and from requiring that the parties and their counsel obtain an *in camera* review of Plaintiff's medical records prior to their use and/or admission as evidence in this matter.

f. Plaintiff's medical records that are submitted to the Court before trial in this matter will be kept private and under seal; and

g. Defendant is required to return any and all copies of Plaintiff's medical records that are obtained from Plaintiff through the discovery process to counsel for Plaintiff within ninety (90) days of the close of litigation in this matter.

h. To the extent that Defendant's counsel and staff create and/or draft documents containing Plaintiff's medical records, Defendant and Defendant's counsel, and Defendant's support staff will destroy such documents in accordance with the records retention policy for the Office of the Attorney General and other applicable law. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information will be erased or destroyed in accordance with the records retention policy for the Office of the Attorney General and other applicable law.

4. Plaintiff shall produce for inspection any discoverable medical records, including executed authorizations to obtain Plaintiff's medical records, to the Office of the Attorney General through the normal course of discovery and/or litigation of this matter.

5. Nothing in this Stipulation and the amendments to the Confidentiality Order shall be construed as limiting the use of Plaintiff's medical records at a trial concerning this matter, or in any motion hearing or motion papers, and the use of Plaintiff's medical records shall be determined by the Court after the data is first submitted under seal for review by the Court.

6. If Defendant believes that Plaintiff's medical records, disclosed pursuant to this Stipulation and the corresponding Order Amending the Confidentiality Order, should not be characterized as private and/or confidential, then it may request by motion to the Court that the data be declared not private and/or confidential.

7. The Confidentiality Order And To Allow Disclosure, filed on September 14, 2001, shall be incorporated herein and referred to by reference;

8. Upon execution of an Order amending the Confidentiality Order, a copy of the Order shall be sent to counsel for the parties herein.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation will not estop either party from making any objections, or exceptions otherwise available to any discovery or disclosures in this case.

IT IS FURTHER STIPULATED AND AGREED that should further modification(s) of the Confidentiality Order and Order Amending the Confidentiality Order again be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the court for consideration of their proposed change(s).

Dated: 2/5, 2002.

MILLER-O'BRIEN

Kelly A. Jeanetta

KELLY A. JEANETTA
Atty. Reg. No. 277204
1208 Plymouth Building
12 South Sixth Street
Minneapolis, Minnesota 55402
(612) 333-5831

ATTORNEYS FOR PLAINTIFF

Dated: 2/6, 2002.

MIKE HATCH
Attorney General
State of Minnesota

Marsha Elliott Devine

MARSHA ELDOT DEVINE
Assistant Attorney General
Atty. Reg. No. 192922

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(612) 282-5713 (Voice)
(612) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANT

AG: 535674.v. 01